UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA KOB, | Case No.: C 07 2211 JL |
| Plaintiff, | |
| v. | **BRIEFING ORDER ON DISCOVERY DISPUTES AND CONTINUANCE OF HEARING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| COUNTY OF MARIN; and DOES 1 TO 50, | |
| Defendants. | |

**Introduction**

The Court has reviewed the docket and has identified pending discovery disputes at Docket #s 52, 54, 83, and 84. Additionally, there are three pending motions: a Motion to Compel Further Responses (Docket No. 88), a Motion for a Court-Ordered Mental Examination (Docket No. 85), and a Motion for a Protective Order (Docket No. 59). The Motion for a Protective Order is set for hearing on November 4, 2009, at 9:30 a.m. The Court will hear argument on the above disputes at that time.

Defendants allege that Plaintiff's attorney at the deposition, Scott Brown, improperly suspended Plaintiff's deposition and then coached Plaintiff during the break (Docket No. 58). In her Responses to Interrogatories, Plaintiff accuses Mr. Burke of harassing conduct. At the deposition, Defendants asked Plaintiff for the names of people who viewed Bill Burke unfavorably. Before Plaintiff could answer, Mr. Brown unilaterally suspended the

deposition. Later, Mr. Brown refused to allow Plaintiff to answer questions regarding what she discussed with him during the break.

Defendants take issue with Plaintiff's responses to their Interrogatories Sets One-Three (Docket No. 83) and Sets Four and Five (Docket No. 88). The Federal Rules require interrogatories to be answered under oath and signed by the responding party. Fed. R. Civ. Proc. §§ 33(b)(3) & (5). Defendants claim to have repeatedly requested Plaintiff's counsel to provide the oath, and Plaintiff's counsel has failed to do so for all responses to Interrogatories.

Defendants request that Plaintiff produce documents requested in two document demands, Request for Production of Documents, Set One and Set Two (Docket No. 84). Defendants claim that Plaintiff's objections to the demands have no merit.

Defendants ask for an order from the Court compelling further answers to Defendants' Interrogatories Sets Four and Five (Docket No. 88). Defendants contend that Plaintiff failed to provide responses and impermissibly evaded questions.

Defendants move for a court-ordered mental examination of Plaintiff (Docket No. 85). They claim that good cause exists for such an order because of Plaintiff's allegations of severe and continuing emotional distress.

Defendants also ask this Court to issue an order, under FRCP 26(c), protecting Marin County Supervisor, Hal Brown, from discovery (Docket No. 59). They contend that Supervisor Brown warrants protection because he is a high-ranking government official who has no connection to any decisions regarding Plaintiff's employment or to any harassing acts involving Plaintiff. Defendants also point out that no extraordinary circumstances exist that require Supervisor Brown's participation in this case.

**Order**

The Court will hear argument on these disputes at the hearing on November 4, 2009 at 9:30 a.m. Plaintiff is hereby ordered to brief the issues of:

1. What reason Mr. Brown had for suspending Plaintiff's deposition while a question about Mr. Burke was pending;

   2.  What reason Mr. Brown had for refusing to allow Plaintiff to answer questions about what she discussed with Mr. Brown during the break;

   3.  Whether there are other persons who can provide the information sought from Supervisor Brown;

   4.  Whether Supervisor Brown has direct or firsthand knowledge relevant to Plaintiff's claim;

   5.  Whether Supervisor Brown was personally involved in any action that bears on the case;

   6.  What other discovery Plaintiff has undertaken to obtain the information sought from Supervisor Brown;

   7.  What reason Plaintiff's counsel has for not providing an oath to Plaintiff's responses to Defendants' Interrogatories;

   8.  What reason Plaintiff had for not answering Defendants' Interrogatories;

   9.  Whether good cause exists for the Court to order a mental examination of Plaintiff.

   Plaintiff shall file her brief at least twenty-one days prior to the hearing scheduled on November 4, 2009.  Defendants may respond at least fourteen days prior to the hearing.

   In light of the parties' discovery disputes, the hearing on Defendants' motion for summary judgment is hereby continued to November 18, 2009, at 9:30 a.m.

   IT IS SO ORDERED.

DATED: October 5,  2009

_____
                    James Larson
                    U.S. Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\07-2211\Briefing ORDER - Kob 3.wpd