UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Barbara Kob,

    Plaintiff,

v.

County of Marin, et al.,

    Defendants.
_____/

No. C 07-2211   JL

**DISCOVERY ORDER**

### I. Introduction

The parties submitted joint statements comprising multiple discovery disputes which the Court finds suitable for disposition without oral argument as provided by Civil Local Rule 7-1(b). Fact discovery closed September 21, 2009. Defendants' motion for summary judgment is set for hearing November 18 and jury trial is scheduled to commence January 12, 2010.

### II. Disputes

**A. Defendants bring a motion for Court-Ordered Mental Examination under Federal Rule of Civil Procedure 35(a) (Docket No. 85).**

The Court concludes that the request should be granted because Plaintiff sought psychological counseling, alleges a litany of physical ailments caused by her emotional injuries, and claims that Defendants' actions "continue to cause" harm.

Rule 35(a)(2)(B) requires that a motion "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Nowhere in this rule is there a requirement that the moving party describe the particular testing or procedures or the examiner's background.  In Defendants' Motion for Mental Examination (Docket No. 85), Defendants ask the Court "to order a mental examination of Plaintiff limited to her mental condition with Dr. Mark I. Levy on November 23, 2009 for a duration of 3 hours." Defendants have satisfied their Rule 35(a)(2)(B) obligations.

### 1. Required Showing for a Rule 35 Mental Examination

Rule 35 requires that mental or physical condition of the party be "in controversy" in order for the court to order a mental or physical examination. Fed. R. Civ. P. 35(a)(1). Additionally, the moving party under Rule 35 must show "good cause" for ordering the examination. Fed. R. Civ. P. 35(a)(2)(A).

It is the moving party's burden to provide enough information for the court to find that the condition for which the examination is sought is "in controversy" and that there is "good cause" for the exam. *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). The moving party cannot make this showing merely by proving relevance. *Id.* at 118. Rather, the moving party must "produce sufficient information, by whatever means, so that the district judge can fulfill his function as mandated by the Rule." *Id.* at 119.

With a few exceptions, federal courts do not order mental examinations unless the case involves something more than just a claim of emotional distress. *Turner v. Imperial Stores*, 161 F.R.D. 89, 93 (S.D.Cal. 1995). In *Turner*, the court stated that a plaintiff will be ordered to undergo a mental examination where the case involves, in addition to a claim of emotional distress, (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) plaintiff's concessions that his or her mental condition is in controversy within the meaning of Rule 35(a). *Id.* at 95. The court characterized the plaintiff's allegation of "humiliation, mental anguish, and emotional

United States District Court
For the Northern District of California

distress" as a "garden-variety one" and ruled that she had not placed her mental condition "in controversy." *Id.* at 97. A claim of emotional distress does not rise to the level of a claim for "mental or physical injury," which the Supreme Court determined would justify an examination. *Id.* (citing *Schlagenhauf*, 379 U.S. at 119). Congress did not intend Rule 35(a)'s application to be so broad as to extend to plaintiffs simply claiming emotional distress or mental anguish. *Id.*

Judge Walker of this District employed the analysis from *Turner* in the case of *Ford v. Contra Costa County*, 179 F.R.D. 579, 580 (N.D.Cal. 1998) to find that defendants had not met their burden because they failed to show even one of the five *Turner* factors. In *Ford*, the plaintiff had alleged gender discrimination and constitutional violations against defendants. *Id.* at 579. Defendants sought a court order compelling plaintiff to undergo a psychiatric evaluation, which Judge Walker denied, holding that "Because defendants have presented little more than Ford's prayer for emotional and mental distress damages, they have not met their burden under FRCP 35(a),"

**2.     Analysis**

Plaintiff in this case fails to satisfy factors (1), (2), (4), or (5) in *Turner*. *See Turner*, 165 F.R.D. at 95. Plaintiff has not brought a cause of action for intentional or negligent infliction of emotional distress. Plaintiff has not alleged a specific mental or psychiatric condition or disorder. Plaintiff does not offer an expert to corroborate a claim of emotional distress or concede that her mental condition is in controversy.

However, Plaintiff does allege *Turner* factor (3) by alleging unusually severe emotional distress. *Id.* at 95. Plaintiff also puts her mental state in controversy by alleging continuing harm.

**a.     Plaintiff's emotional injuries constitute "Unusually Severe Emotional Distress."**

Similar to the plaintiff in *Shephard*, a rash of physical ailments caused by stress and depression are central to Plaintiff's damages claim. *Shephard v. Am. Broad. Cos.*, 151 F.R.D. 194, 212 (D.D.C. 1993) (finding plaintiffs' mental conditions in controversy because

they demanded damages for emotional distress and submitted affidavits that described the emotional distress at great length).  Plaintiff claims that the stress associated with her situation at work caused a number of physical problems.  Stress intensified a syndrome called "benign familial tremor," which affects her balance, and also created another syndrome called "dumping syndrome," which causes stomachaches.  Plaintiff's Deposition 500: 15-22; 503: 21 - 506:21.  Stress caused her to lose weight.  Plaintiff's Deposition 503: 5-10.  Stress caused her problems with her esophagus, which she continues to take prescription strength medication to treat.  Plaintiff's Deposition 507: 14 - 511: 7.  Stress caused grinding of her teeth, which resulted in fractures and two root canals.  Plaintiff's Deposition: 511: 8-23.  Plaintiff is still undergoing treatment for depression.  Plaintiff's Deposition: 511: 24 - 512: 22.

Similar to the plaintiffs in *Lowe* and *Anson*, Plaintiff sought out treatment for her mental issues.  *Lowe v. Phila. Newspapers, Inc.*, 101 F.R.D. 296, 298-99 (E.D.Pa. 1983) (plaintiff asked for compensation for psychiatric care); *Anson v. Fickel*, 110 F.R.D. 184, 186 (N.D.Ind. 1986) (emotional distress could not be categorized as routine because the plaintiff sought psychiatric treatment).  Plaintiff in this case solicited psychological counseling because of the "very difficult, abrasive situation at work." Docket No. 85, Plaintiff's Deposition 500: 11-14.  She also takes Prozac to treat her depression.  Plaintiff's Deposition 512: 15-22.

The Court finds that the physical ailments that Plaintiff attributes to stress and depression, Plaintiff's continuing medication for depression, her claim for damages for emotional distress, and her psychological counseling weigh in favor of the need for a mental examination.

### b. Plaintiff claims continuing pain and suffering.

A number of district courts have identified ongoing mental harm as good cause for a mental examination.  *Bridges v. Eastman Kodak Co.*, 850 F. Supp. 216, 221-22 (S.D.N.Y. 1994) (ongoing severe mental injury); *Duncan v. Upjohn*, 155 F.R.D. 23, 25 (D.Conn. 1994) (ongoing psychiatric harm); *Hodges v. Keane*, 145 F.R.D. 332, 334 (S.D.N.Y. 1993).  In

*Hodges*, Judge Sotomoyor wrote that had plaintiff alleged ongoing pain and suffering, then defendants would undoubtedly be entitled to conduct a psychiatric evaluation. 145 F.R.D. at 334. Because plaintiff in that case merely alleged past pain and suffering, it remained within the court's discretion whether to grant the Rule 35(a) order. *Id.*

Plaintiff in this case alleges that Defendants' actions "continue to cause ... embarrassment and anguish." She also reported that she is still suffers depression and takes Prozac. Plaintiff's Deposition 512: 15-22.

### 3. Conclusion

Plaintiff has put her mental state in controversy, and there is good cause to order her to undergo a mental examination. The Court orders Plaintiff to submit to an examination as requested by Defendants.

### B. Defendants move for a protective order pursuant to Federal Rule of Civil Procedure 26 to prevent Plaintiff from deposing Supervisor Brown.

Under Federal Rule of Civil Procedure 26(c), a court may grant a protective order upon a showing of good cause. Courts have traditionally granted protective orders to high ranking government officials.

The U.S. Supreme Court recognized the need to control the use of subpoenas against high government officials in order to protect the integrity of the administrative process. *U.S. v. Morgan*, 313 U.S. 409, 422 (1941). Lower courts have expanded on this rationale. "High ranking government officials have greater duties and time constraints than other witnesses," and without protection pending litigation would monopolize their time. *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993). Therefore, only extraordinary circumstances compel high ranking officials to testify to the reasoning behind their official actions. *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C.Cir. 1985); *In re Office of Inspector Gen.*, 933 F.2d 276, 278 (5th Cir. 1991).

Courts have found that mayors are high ranking officials. *See Buono v. City of Newark*, 249 F.R.D. 469 (D.N.J. 2008); *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007). Brown is President of the Board of Supervisors and presides over a number of

1  Marin County committees, so his position in Marin County is of similar stature to a mayor.
2  The burden is on the Plaintiff to prove that extraordinary circumstances exist that make
3  deposition of Brown necessary.
4      Recently, a New Jersey District Court identified five issues that courts consider to
5  determine if extraordinary circumstances exist: (1) the official's testimony is necessary to
6  obtain relevant information that is not available from another source; (2) the official has
7  first-hand information that could not be reasonably obtained from other sources; (3) the
8  testimony is essential to that party's case; (4) the deposition would not significantly interfere
9  with the ability of the official to perform his government duties; and (5) the evidence sought
10 is not available through any alternative source or less burdensome means.  *Buono*, 249
11 F.R.D. 469, 470 n.2 (D.N.J. 2008).  The court held that "mere knowledge or awareness of
12 information that may be helpful if discovered, and even an official's pro forma approval of a
13 matter without showing deliberations about it, will not justify ordering a deposition of the
14 official."  *Id.*
15     Plaintiff lists four reasons why she needs Brown's testimony.  Two of these reasons
16 suggest that Brown has unique and personal knowledge: (1) Brown and Plaintiff met five or
17 six times after Brown received a letter from Plaintiff complaining about gender
18 discrimination and unequal pay and (2) Brown's testimony is necessary to impeach Michael
19 Daly's assertion that he had no personal knowledge of Plaintiff's internal discrimination
20 complaints when he prepared her November 2006 evaluation.  Both of these justifications
21 are grounds for ordering a limited deposition of Brown.
22     Plaintiff's other two reasons do not suggest extraordinary circumstances because
23 there are equivalent and less burdensome means to obtain the information.  Plaintiff would
24 like Brown to confirm that she is an excellent manager.  It is unclear how that opinion would
25 be relevant and why that opinion must be provided by Brown and not one of the many other
26 people who have worked with Plaintiff.  She would also like to question Brown about
27 conversations he had with Daly and Burke.  But, because Plaintiff can obtain that
28

information directly from Daly and Burke, there is no unique need to depose Brown.

The Court concludes that Plaintiff is entitled to a deposition with limited subject matter. The scope of the deposition shall be Brown's conversations with Plaintiff and with Daly about Plaintiff's discrimination complaints.

### C. Defendants request a finding that Plaintiff's counsel improperly interrupted Plaintiff's deposition (Docket No. 58).

The County filed a Statement of Non-Opposition (Docket No. 105) and does not oppose Mr. Brown's declaration regarding the suspension and coaching of Plaintiff during her deposition.

The Court finds that this issue is no longer in dispute.

### D. Defendants move to compel Plaintiff to provide an oath and sign interrogatories.

Defendants ask this Court to order Plaintiff to provide signed Responses to Interrogatories and to verify the responses under oath (Docket No. 107). On October 5, this Court issued a Briefing Order requesting that Plaintiff's counsel brief the reasons why he did not answer interrogatories under oath and sign them as required by Federal Rules of Civil Procedure 33(b)(3) and (5). The Court has not received a brief from Plaintiff's counsel on this issue.

Under F.R.C.P. 33(b)(3), each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which case the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable. The answering party and an objecting attorney must sign the interrogatory. Fed. R. Civ. P. 33(b)(5). Further, all grounds for an objection to an interrogatory shall be stated with specificity. *Id.*

Plaintiff did not address this issue in her pleadings and the Court finds that Plaintiff is obliged by the plain language of Rule 33, Federal Rules of Civil Procedure, to sign and verify interrogatory answers under oath. This Court orders Plaintiff to do so forthwith.

### E. Defendants move to compel further responses to its interrogatories (Docket No. 88).

Defendants argue that Plaintiff's responses are inadequate for a number of reasons: (1) Plaintiff's responses to Interrogatories Nos. 30-35 improperly evade the question; (2) responses to Interrogatories Nos. 36 and 42 improperly refer to other documents instead of answering the question; and (3) responses to Interrogatories Nos. 28 and 29 offer an opaque one-sentence answer instead of responding to the questions.

When the responding party fails to answer some interrogatories, or answers incompletely, evasively, or by ill-founded objections, the propounding party - after conferring with the defaulting party - may move the court for an order to compel discovery. Fed. R. Civ. P. 33(a) advisory committee's note (1993). A motion to compel is appropriate if "a party fails to answer an interrogatory submitted under [Rule] 33." Fed. R. Civ. P. 37(a)(3)(B)(iii). The Court should treat an evasive or incomplete answer as a failure to comply with a discovery request. Fed. R. Civ. P. 37(a)(3)(B). The motion must include a certification that the moving party has, in good faith, conferred or attempted to confer with the non-moving party in an effort to secure information or material without court action. Fed. R. Civ. P. 37(a)(1); N.D. Cal. Civ. R. 37-1. The motion must also detail the basis for the party's contention that it is entitled to the requested discovery and state how it has satisfied the requirements of Rule 26(b)(2).

The Court finds that the Defendants have met their burden. Plaintiff is ordered to provide further responses to the Defendants' interrogatories within ten court days of the issuance of this order.

**F.  Defendants allege that Plaintiff did not properly respond to Defendants' Request for Documents, Set One and Set Two (Docket No. 84).**

**1.  Plaintiff's Boilerplate Objections**

Defendants asked for documents related to specific statements and allegations in the complaint. Plaintiff's reason for not producing documents was that the language of the complaint, which Plaintiff drafted, was "vague, ambiguous, overbroad, unduly burdensome, and oppressive." This is a puzzling response, since Plaintiff drafted the complaint. Nevertheless, Plaintiff's boilerplate objections are insufficient. She must produce

responsive documents to Defendants' Request within ten court days of the issuance of this order.

### 2. Plaintiff's Assertion of Privilege

Pursuant to Federal Rule of Civil Procedure 34, an assertion of a privilege must be more specific than a generalized, boilerplate objection. *Burlington N. & Santa Fe Ry. Corp. v. U.S. Dist. Court*, 408 F.3d 1142, 1147 (9th Cir. 2005). The objecting party must provide sufficient and explicit information about the claimed privilege to allow the other side to evaluate the applicability of the protection. *Id.* at 1148.

The party asserting the attorney-client privilege must make a prima facie showing that the privilege protects the withheld information. *In re Grand Jury*, 974 F.2d 1068, 1070-71 (9th Cir. 1992). To satisfy the prima facie showing, a party can submit a privilege log identifying: (1) the attorney and client involved; (2) the nature or type of the document; (3) intended recipients; (4) all persons or entities known to have been furnished the document or informed of its substance; (5) the date the document was generated, prepared, or dated; and (6) a brief description of the subject matter of the document. *Id.* at 1071.

In *Bud Antle, Inc. v. Grow-Tech, Inc.*, plaintiffs made a generalized claim of privilege in response to defendants' document requests. 131 F.R.D. 179, 182-83 (N.D. Cal. 1990). Six weeks later, plaintiffs produced a privilege log, but defendants argued that the plaintiffs' right to assert the attorney-client privilege had been waived. *Id.* at 182. The court decided that although the delay may have harmed the defendants, it did not justify waiver of the privilege. *Id.* at 182-83.

Defendants in this case have suffered a similarly long delay. On September 11 and 15, Plaintiff responded to the document demands with generalized objections and assertions of privilege. Since then, Defendants have repeatedly requested a privilege log, and Plaintiff has not responded.

Although Plaintiff's delay has not yet reached the point where privilege is waived, further delay will cross that boundary. Plaintiff shall produce a privilege log within ten court days of the issuance of this order be deemed to have waived any privilege.

responsive documents to Defendants' Request within ten court days of the issuance of this order.

### 2. Plaintiff's Assertion of Privilege

Pursuant to Federal Rule of Civil Procedure 34, an assertion of a privilege must be more specific than a generalized, boilerplate objection. *Burlington N. & Santa Fe Ry. Corp. v. U.S. Dist. Court*, 408 F.3d 1142, 1147 (9th Cir. 2005). The objecting party must provide sufficient and explicit information about the claimed privilege to allow the other side to evaluate the applicability of the protection. *Id.* at 1148.

The party asserting the attorney-client privilege must make a prima facie showing that the privilege protects the withheld information. *In re Grand Jury*, 974 F.2d 1068, 1070-71 (9th Cir. 1992). To satisfy the prima facie showing, a party can submit a privilege log identifying: (1) the attorney and client involved; (2) the nature or type of the document; (3) intended recipients; (4) all persons or entities known to have been furnished the document or informed of its substance; (5) the date the document was generated, prepared, or dated; and (6) a brief description of the subject matter of the document. *Id.* at 1071.

In *Bud Antle, Inc. v. Grow-Tech, Inc.*, plaintiffs made a generalized claim of privilege in response to defendants' document requests. 131 F.R.D. 179, 182-83 (N.D. Cal. 1990). Six weeks later, plaintiffs produced a privilege log, but defendants argued that the plaintiffs' right to assert the attorney-client privilege had been waived. *Id.* at 182. The court decided that although the delay may have harmed the defendants, it did not justify waiver of the privilege. *Id.* at 182-83.

Defendants in this case have suffered a similarly long delay. On September 11 and 15, Plaintiff responded to the document demands with generalized objections and assertions of privilege. Since then, Defendants have repeatedly requested a privilege log, and Plaintiff has not responded.

Although Plaintiff's delay has not yet reached the point where privilege is waived, further delay will cross that boundary. Plaintiff shall produce a privilege log within ten court days of the issuance of this order be deemed to have waived any privilege.

**G.    On October 15, 2009, Plaintiff submitted to the court a discovery dispute for resolution (Docket No. 96).**

Plaintiff's counsel contends that Defendants have failed to produce relevant documents and asks this Court to compel their disclosure.

Pursuant to Local Rule 26-2, no motions to compel fact discovery may be filed more than 7 court days after the fact discovery cut-off.  The discovery cut-off date was September 21, 2009.  As a result, the last day to file a motion to compel fact discovery was September 30, 2009.  Plaintiff's October 15 discovery request is not timely and the Court will not consider it.

**H.    Defendants request that the Court permit videotaped meet and confer sessions.  (Docket Nos. 102 & 103).**

Defense counsel Stephen Raab attempted to videotape a meet and confer session with Plaintiff's attorney David Poore.

The Court hereby denies Defendants' request for videotaped meet and confer sessions. Defendants may have a court reporter present, but Defendants must pay the costs.

**I.    On October 23, Plaintiff's counsel filed a letter with the Court alleging another discovery dispute (Docket No. 112).**

Plaintiff's counsel, David Poore, claims that Defendants improperly asserted the attorney-client privilege to protect Daly and Burke from answering questions about monthly meetings during which they spoke about Plaintiff.

Poore acted in bad faith in putting together the joint statement, obtaining Defendants' counsel's signature, and then attaching the deposition transcript in his submission to the Court.

The Court therefore denies his request.

**III.    Conclusion**

The Court orders the following:

1. Plaintiff must submit to Defendants' request for a mental examination on the date and time that Defendants scheduled;

2. Supervisor Brown is subject to deposition limited in subject matter to Brown's conversations with Plaintiff and with Daly about Plaintiff's discrimination complaints;

3. The issue of whether Plaintiff's counsel improperly interrupted Plaintiff's deposition is no longer in dispute;

4. Plaintiff must sign and verify interrogatory answers under oath; existing answers not in dispute shall be verified forthwith; those which are being answered subject to this Court's order shall be verified under oath at the time the answers are produced;

5. Plaintiff shall provide further responses to Interrogatories Nos. 28-36 and 42 within ten court days of the issuance of this order;

6. Plaintiff shall produce responsive documents to Defendants' Request for Documents, Set One and Set Two within ten court days of the issuance of this order;

7. Plaintiff shall produce a privilege log in response to Defendants' Request for Documents, Set One and Set Two within ten court days of the issuance of this order, or any privilege will be waived.

8. Plaintiff's October 15 discovery request is not timely and is denied;

9. Defendants may not videotape meet and confer sessions; if Defendants want a court reporter present, they must pay the costs;

10. Plaintiff's request submitted to the Court on October 23 is denied because Plaintiff's counsel acted in bad faith in drafting the purported joint statement.

IT IS SO ORDERED.

DATED: November 3, 2009

_____
James Larson
U.S. Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\07-2211\Kob Discovery Order 2.wpd